AMEX ASPHALT CORPORATION and M. E. GLASS, Appellants, v. THE CITY OF NEW YORK, Respondent.— Action for damages for claimed breach of a contract for paving work. Appeal from order denying plaintiffs' motion under subdivision 6 of rule 109 of the Rules of Civil Practice, to strike out the first and third defenses in the amended answer. Order modified on the law by striking out the words " denied in all respects," and by inserting in place thereof the following: " granted as to the first defense and otherwise denied." As thus modified, the order is affirmed, with ten dollars costs and disbursements to appellant. The contract and the statutory provisions pertinent to the first defense should be construed

with its unconscionable character in mind. In so far as the applicable statutory provisions are concerned, limitations in a contract are to be considered on a parity with corresponding statutory provisions. This follows from the reasoning in *Hamilton* v. *Royal Ins. Co.* (156 N. Y. 327), and the cases which have cited that reasoning with approval (*Comey* v. *United Surety Co.*, 217 N. Y. 268, 272. See, also, *Sharrow* v. *Inland Lines, Ltd.*, 214 id. 101; *Conolly* v. *Hyams*, 176 id. 403, 407; *Matter of City of New York* [*Elm Street*], 239 id. 220, 224). A distinction may not justly be made between cases where section 394a–1.0 of the Administrative Code of the City of New York becomes involved at the end of a period of limitation and where it is acted upon at an early portion of a period of limitation. To do so would, under identical contracts, put a premium upon delay in presentation of claims and would result in a different period of limitation applying in one instance in respect of a dilatory claimant and another period in respect of a diligent claimant. Accordingly, as a consequence of section 24 of the Civil Practice Act, the " statutory prohibition " referred to therein results in the exclusion of the thirty days' stay of action in section 394a–1.0 from the one-year limitation in the contract herein. Hence this action was begun in time. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.