KATHRYN E. JAVET, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, October 14, 1946.

*Henry Hoelljes* for plaintiff.

*John J. Bennett, Corporation Counsel (Jacob C. Lefkowitz* of counsel), for defendant.

PECORA, J. The defense of the Statute of Limitations must be sustained and the complaint dismissed. Under section 394a-1.0 of the Administrative Code of the City of New York an action against the city, such as is alleged in the complaint, must be commenced within one year after the cause of action therefor shall have accrued. Said section also provides that in any action against the city the pleadings shall contain an allegation that at least thirty days have elapsed since the demand or claim, upon which the action is founded was presented to the Comptroller for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.

The accident here occurred on January 29, 1945. The demand was made on July 25, 1945. The action was commenced on May 9, 1946, fifteen months and ten days after the accident.

Plaintiff contends that the cause of action could not accrue until July 25, 1945, when the written notice of claim to the comptroller was presented. Although the plaintiff could not have commenced an action until thirty days after she presented her claim to the comptroller (*McGovern* v. *City of New York,* 272 N. Y. 455) nevertheless the cause of action accrued on the date of the accident. (*Bernreither* v. *City of New York,* 123 App. Div. 291, affd. 196 N. Y. 506.) In view of the thirty-day limitation for bringing the action, under section 24 of the Civil Practice Act this statutory prohibition would extend the one-year limitation for the additional thirty days. Plaintiff could have made her demand immediately after the accident. She could not extend the time to commence the action by filing her

demand at a later date. I hold that this action had to be commenced within one year and thirty days after the accident. The motion to strike out the defense is denied, and the cross motion to dismiss the complaint is granted on the ground that the action was not commenced within the time limited as prescribed by the Administrative Code of the City of New York. Settle order.