GRACE M. SULLIVAN, Appellant, *v.* CITY OF WATERVLIET, Respondent.

Third Department, December 28, 1954.

*Harry O. Lee* and *Thomas J. O'Connor* for appellant.

*William J. Murphy* and *Robert A. Murphy* for respondent.

ZELLER, J. The plaintiff sustained injuries on May 18, 1952, when she fell on a sidewalk in the city of Watervliet. On February 6, 1953, an order was entered permitting her to serve a notice of claim pursuant to subdivision 5 of section 50-e of the

General Municipal Law after the expiration of the ninety-day period specified in subdivision 1 of the section because of her mental and physical incapacity resulting from the fall. A notice of claim was served on February 9, 1953. Thereafter, an appeal from the order permitting the late service of the notice of claim was taken by the defendant to this court which resulted in a decision affirming the order. (*Matter of Sullivan* v. *City of Watervliet,* 282 App. Div. 1097.) An order of affirmance was entered with the County Clerk on January 6, 1954. This action was commenced on January 30, 1954, and, on motion of the defendant, was dismissed by Special Term as barred by the Statute of Limitations applicable to it. It is that dismissal which is the subject of this appeal.

The charter of the defendant requires the service of a notice of claim as a condition precedent to commencement of an action based upon tort and provides that " The omission to present such claim * * * and to commence an action thereon within one year from the time of such alleged injuries shall be a bar to any claim or action therefor against the city, but no action shall be brought upon any such claim until three months shall have elapsed after the presentation of the claim to the council." (*Watervliet City Charter,* § 60; L. 1918, ch. 462.) In effect, a one-year and three-month Statute of Limitations applies to tort claims against the defendant. The period of three months following the presentation of a claim during which no action may be brought should be added to the limitation of one year to obtain the time within which an action may be brought. " Where the commencement of an action has been stayed * * * by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action." (Civ. Prac. Act, § 24; *Amex Asphalt Corp.* v. *City of New York,* 263 App. Div. 968, affd. 288 N. Y. 721.)

The plaintiff commenced her action approximately one year and eight months after sustaining her injuries. She does not claim that the limitation of time for the commencement of an action against the defendant was extended by reason of any disability set forth in section 60 of the Civil Practice Act. Nor does she assert that the Statute of Limitations was lengthened by reason of the stay provided by sections 571 and 573 of the Civil Practice Act. Her sole contention on this appeal is — as it was in the court below — that the time limitation contained in the charter was repealed by the enactment of section 50-e of the General Municipal Law.

The Legislature provided that section 50-e " shall supersede inconsistent provisions of any general, special or local law, or charter provisions, and shall be controlling." (L. 1945, ch. 694, § 13.) However, we do not believe that the Statute of Limitations in the charter is inconsistent with any part of section 50-e. It was enacted solely for the purpose of unifying the diverse provisions scattered throughout municipal charters and State laws relating to *notices of claim*. (Ninth Annual Report of N. Y. Judicial Council, 1943, p. 50, Tenth Annual Report of N. Y. Judicial Council, 1944, p. 44.) No mention is made in section 50-e of any time limitation for the commencement of an action. It is our opinion that had the Legislature, by the enactment of section 50-e, intended to repeal the various Statutes of Limitations contained in State laws and municipal charters it would have plainly said so. And had the Legislature desired to change the limitation of time for the commencement of a tort action against the defendant it would have done so by an amendment to the charter of the defendant. Strength is added to this conclusion when we consider that the Legislature by chapter 691 of the Laws of 1950 did change the limitation of time for commencement of tort actions against counties by providing that such actions must be brought within one year after the service of a notice of claim " or within one year after the court shall have excused the failure to file such claim in pursuance of section fifty-e of the general municipal law." (County Law, § 52.) In the absence of an express repeal of or amendment to the charter provision herebefore quoted, it is not reasonable to imply one.

The plaintiff could have commenced her action between May 9, 1953 — the expiration of the three-month waiting period after the service of the notice of claim — and August 18, 1953, the end of the period allowed for the commencement of the action. Her failure to do so bars this action. The order should be affirmed, without costs.

Foster, P. J., Coon, Halpern and Imrie, JJ., concur.

Order affirmed, without costs.