Frank Del Veochio, J.
This is a motion for an order dismissing the complaint upon the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon.
The complaint alleges a claim for wrongful restraint and unlawful imprisonment arising out of certain events including the arrest, trial and incarceration of the plaintiff on charges of violation of section 2188 of the Penal Law. Following an appeal to the Appellate Division, plaintiff’s conviction was reversed and his imprisonment in the Onondaga County Penitentiary was terminated on May 17,1957. Thereafter, on July 11,1957 plaintiff served notice of claim upon the city and subsequently commenced the present action by service of the summons and complaint on July 10, 1958.
Section 244 of the Second Class Cities Law and Local Law No. 13 of 1954 of the City of Syracuse require that actions against the city shall be commenced within one year after the happening of the accident or the occurrence of the act giving rise to the action, “ but no action shall be commenced to recover or enforce any such claim against the city until the expiration of three months ” after the service of notice of claim.
Defendant asserts that since the present action was not commenced until almost one year and two months after plaintiff’s discharge from confinement it is barred by the one-year limitation set forth above and cites only one case (People ex rel. American Sugar Refining Co. v. Sexton, 274 N. Y. 304) to support its position. Plaintiff, on the other hand, claims that the action is timely brought, relying upon section 24 of the Civil Practice Act *895 which provides: ‘ ‘ Where the commencement of an action has been stayed by injunction or other , order of a court or judge or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action.” He argues that since he is statutorily prohibited from bringing an action against the city for three months after service of a notice of claim, that time must be excluded from the computation of the time within which the action may be brought and the one-year limitation therefore does not expire until 15 calendar months after the event — or until August 17, 1958.
Plaintiff’s position finds ample support among cases decided in this jurisdiction. It is well settled that when a statute provides a mandatory waiting period for the commencement of an action against a municipality or village, the extent of the waiting period must be added to the statutory limitation of one year to obtain the time within which such action may be brought. (Amex Asphalt Corp. v. City of New York, 288 N. Y. 721; Mulligan v. County of Westchester, 272 App. Div. 929; Trela v. Village of Green Island, 9 Misc 2d 520; Manny v. Board of Educ. of City of Rensselaer, 9 Misc 2d 452; Javet v. City of New York, 187 Misc. 841; Sullivan v. City of Watervliet, 285 App. Div. 179.)
Nothing contained in Christian v. Village of Herkimer (5 AD 2d 62) requires a contrary conclusion. There, the court was not concerned with the effect of section 24 of the Civil Practice Act and the statement that the plaintiff might have commenced his action on the last three days of the calendar year following the accident is not authority that he might not also have commenced it within 30 days after that period. Since the action was in fact not instituted until over 18 months after the accident, statements as to when plaintiff might have brought suit were merely dicta.
Since, by virtue of section 24 of the Civil Practice Act plaintiff’s time to sue was extended by three months after the calendar year following his discharge from the alleged false imprisonment, the present motion to dismiss the action brought within 14 months after his release must be denied.
Prepare order accordingly.