Sidney A. Fine, J.
Plaintiff moves pursuant to rule 109 of the Rules of Civil Practice to strike out the affirmative defense contained in paragraph “ Fourth ” of the answer, which alleges that plaintiff failed to comply with the provisions of section 394a-1.0 of the Administrative Code of the City of New York in that he failed to commence his action within the time prescribed by law.
*253 In this action plaintiff seeks to recover for personal injuries sustained by him on February 20, 1959, due to a defective sidewalk. A notice of claim was served upon the defendant on May 4,1959. On May 13,1959 defendant served a demand for examination requiring the plaintiff to appear for oral and physical examination on July 27, 1959. The action was commenced on April 13, 1960.
Subdivision 5 of section 50-h of the General Municipal Law provides: ‘1 Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the municipal corporation against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter.”
Section 24 of the Civil Practice Act contains the following provision: “ Where the commencement of an action has been stayed by * * * statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action.”
The plaintiff was prohibited by subdivision 5 of section 50-h from commencing his action during the period between May 13, 1959, when defendant demanded an examination, until July 27, 1959, the date set for it, i.e., 75 days. These 75 days must be added to the limitation of one year, giving the plaintiff until May 6,1960 to commence his action. Since it was started before this date, the pleadings, including the admissions contained in the answer, conclusively establish that the action was not barred by the statutory limitation.
Accordingly, the motion is granted and the affirmative defense is stricken from the answer.