Bernard S. Meyer, J,
In this action for personal injuries sustained when plaintiff fell on a sidewalk, the town moves under rule 107 of the Buies of Civil Practice to dismiss the complaint for failure to commence the action within the time limited by law and under the Civil Practice Act (§ 257) for failure to serve a complaint within 20 days after service of the town’s notice of appearance, and plaintiff cross-moves to compel the town to accept the complaint. Defendant town’s motions are denied and plaintiff’s motion is granted, but since, as the town’s reply affidavit points out, the complaint does not allege that notice of the sidewalk defect was given to the town as required by the Highway Law (§ 215, subd. 2) the complaint will, on the court’s own motion, be dismissed (Skelly v. Village of Port Chester, 6 A D 2d 717; Ebert v. Incorporated Vil. of Garden City, 21 Misc 2d 607) with leave, if plaintiff be so advised, to serve an amended complaint within 20 days after service of a copy of the short-form order entered hereon with notice of entry.
Plaintiff’s injury was sustained March 15, 1959. Notice of claim was timely served and six days thereafter the town subpoenaed plaintiff to appear for oral examination. The examination was conducted August 6, 1959, and plaintiff’s summons was served June 10,1960. The town served its notice of appearance June 16, 1960. Two stipulations extending plaintiff’s time to serve the complaint were forwarded to the town. Neither was signed and returned. The complaint was served August 4, 1960 and has never been returned by the town.
Amex Asphalt Corp. v. City of New York (263 App. Div. 968, affd. 288 N. Y. 721) establishes that when the commencement of an action against a municipality is stayed by statute for a period during which a prescribed procedure is to be carried out, the period of limitations within which action must be brought is extended, under the Civil Practice Act (§ 24), for the full period of the statutory stay, notwithstanding that the prescribed procedure may in fact have been accomplished in less time. (See, also, Berman v. City of Syracuse, 14 Misc 2d 893, and cases cited in that opinion.) While that rule has been modified by the enactment of chapter 788 of the Laws of 1959, adding section 50-i to the General Municipal Law, that section is applicable only to claims arising out of injuries occurring on or after September 1, 1959, and therefore does not apply to the instant case.
The instant claim being for a sidewalk injury is governed by the Highway Law (§ 215) rather than the Town Law (§ 67). Subdivision 3 of section 215 of the Highway Law prohibits *782 action until 15 days after the filing of a notice of claim and requires that action be. brought within one year after the cause of action accrued. However, the General Municipal Law (§ 50-h) which became effective April 7, 1958, gives to every municipal corporation against which a claim has been filed the right to both oral and physical examination. That section provides in subdivision 5 that when a demand for examination has been served “no action shall be commenced * * * unless
the claimant has duly complied with such demand,” and in subdivision 2 that the demand must be served “ within ninety days from the date of filing of the notice of claim. ’ ’ Applying the reasoning of the Amex Asphalt case, the court holds that the one-year period of limitations set forth in the Highway Law (§ 215, subd. 3) was extended 90 days by reason of the provisions of General Municipal Law (§ 50-h). The action having accrued on March 15, 1959 and the period of limitations being one year and 90 days, the service of summons on June 10, 1960 was timely. The court has not overlooked the decision of the Appellate Division, Fourth Department, in Christian v. Village of Herkimer (5 A D 2d 62, affd. 5 N Y 2d 818) nor that of Mr. Justice Klein in Feczko v. New York City Tr. Auth. (15 Misc 2d 667). It agrees with the holding in Berman v. City of Syracuse (supra) that the Christian case was not concerned with the effect of the Civil Practice Act (§ 24) and, therefore, is not controlling in this case. The rule 107 motion is, therefore, denied.
With respect to the section 257 motion, the court does not agree that the town’s retention of the complaint constitutes a waiver of the failure to serve the complaint within the required time after demand, for only under the Civil Practice Act (§ 253) and the Rules of Civil Practice (rule 12) neither here applicable, does retention of a document give rise to a waiver. It finds, however, that the failure to serve the complaint within the required time was due to inadvertence or excusable neglect and, therefore, grants the cross motion to compel its acceptance (Civ. Prac. Act, § 105). While the town is correct that in opposition to its motion to dismiss under the Civil Practice Act (§ 257), an affidavit of merits is required (Blasser v. Morrisania Milk Co., 243 App. Div. 281), it is alleged and not denied that the complaint, which is part of the moving papers, was verified. Since the verified complaint states a meritorious cause of action, it would be a useless formalism to grant the motion to dismiss with leave to move to vacate on papers including an affidavit of merits.