Anthony M. Livoti, J.
In an action to recover for personal injuries and loss of services, sustained as the result of a fall on an allegedly defective sidewalk, plaintiffs move to strike the affirmative defense: ‘£ That the plaintiffs have failed to comply with the provisions of Section 394a-1.0 of the Administrative Code of the City of New York, in that they failed to commence their action within the statutory period of limitation.”
The accident occurred on June 29, 1959. On September 23, 1959 plaintiffs served a notice of claim on the defendant City of New York, pursuant to section 50-e of the General Municipal Law. Defendant served notice upon plaintiffs, pursuant to section 50-h of the General Municipal Law, requiring them to appear on December 16, 1959 for a Comptroller’s examination. *419 The summons and complaint were served on September 14, 1960, one year and 77 days from the date of the accident.
It is the contention of defendant that the short Statute of Limitations had run against the plaintiffs since the action was commenced more than one year, as provided by statute (Administrative Code of City of New York, § 394a-1.0) and 30 days, the tolling period provided by case law, from the happening or occurrence of the alleged accident. (See, e.g., Javet v. City of New York, 187 Misc. 841, affd. 272 App. Div. 795.)
It is well settled that when a statute provides a mandatory waiting period for the commencement of an action against a municipality, the extent of the waiting period must be added to the statutory limitation of one year within which such action may be brought. (Berman v. City of Syracuse, 14 Misc 2d 893, 895 ; see, also, Amex Asphalt Corp. v. City of New York, 288 N. Y. 721 ; Mulligan v. County of Westchester, 272 App. Div. 929 ; Trela v. Village of Creen Is., 9 Misc 2d 520 ; Manny v. Board of Educ., 9 Misc 2d 452 ; Javet v. City of New York, supra.)
In the instant case section 50-h of the General Municipal Law prohibits the plaintiff from commencing an action for a period of up to 90 days from the filing of the notice of claim. Subdivision 2 thereof provides, in part: “ No demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision within ninety days from the date of filing of the notice of claim. ’ ’
Subdivision 5 provides: 1 ‘ Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the municipal corporation against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter.”
It can thus be seen that once the notice of claim is filed a municipal corporation has 90 days within which to exercise its statutory right to demand an examination. The plaintiff is constrained to wait until demand is actually made and the examination held before he can commerce an action. Section 24 of the Civil Practice Act provides that ‘ ‘ Where the commencement of an action has been stayed by injunction or other order of a court or judge or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action” (emphasis supplied). The provision of the Administrative Code-of the City of New York (§ 394a-1.0), requiring actions against the city for personal injuries to be commenced within a prescribed time limit after *420 accrual thereof, is within the purview of section 24. (Amex Asphalt Corp. v. City of New York, supra ; Woodcrest Constr. Co. v. City of New York, 185 Misc. 18, affd. 273 App. Div. 752.)
In view of the foregoing, the period during which plaintiffs were precluded from commencing their action, i.e., from the time that the notice of claim was served (Sept. 23, 1959) until the time the examination was held (Dec. 16, 1959), must be added to the statutory one-year period provided in section 394a-1.0 of the Administrative Code. And so it was held in Gurfein v. City of New York (28 Misc 2d 252). In a situation identical to that here involved Mr. Justice Fine held that since “ The plaintiff was prohibited by subdivision 5 of section 50-h from commencing his action during the period between May 13, 1959, when defendant demanded an examination, until July 27, 1959, the date set for it * * [tjhese 75 days must be added to the limitation of one year, giving the plaintiff until May 6, 1960 to commence his action ” (p. 253).
Inasmuch as the plaintiffs in the instant case were prohibited from commencing their action for a period of 84 days, that period, added to the one year provided by the statute gave the plaintiffs one year and 84 days from the date of the accident (June 29, 1959) within which to commence their action. Since plaintiffs served their summons and complaint on September 14, 1960, which was 7 days before the expiration of the one year and 84 days (Sept. 21, 1960), the action was timely commenced. Accordingly, the affirmative defense here challenged is stricken as insufficient in law. The answer will be marked with reference to the order to be entered hereon.