Samuel H. Hofstadter, J.
Defendant moves for dismissal of the complaint upon the ground that maintenance of the action is time-barred. The action was commenced more than one year and 30 days from the accrual of the cause. However, it was commenced within one year and 90 days from the occurrence.
With respect to the time for the service of notice of claim, section 50-e of the General Municipal Law provides a 90-day period, and in Robinson v. New York City Housing Auth. (12 Misc 2d 200, affd. 8 A D 2d 747, affd. 7 N Y 2d 908) the court determined that section 50-e of the General Municipal Law supersedes the Public Housing Law. Nevertheless, the defendant urges that the General Municipal Law does not supersede the Public Housing Law with respect to the time for suit. Section 157 of the Public Housing Law provides, in subdivision 2 thereof, for the commencement of suit within one year after the cause of action shall have accrued, provided a notice of intention to commence the action had been served. Section 50-i of the General Municipal Law provides that no action shall be maintained against a city, county, town or village for personal injury unless a notice of claim shall have been made and served in compliance with section 50-e and the action shall have been commenced within one year and 90 days after the happening of the event.
While in the Robinson case the matter of the time for the service of a notice of claim was involved, and the language of section 50-e was the basis for the determination that it embraced a Public Housing Authority, logic leads to the conclusion that section 157 of the Public Housing Law is also superseded concerning the time to commence the action; and the computation of time for the commencement of action must take into consideration the period of 90 days afforded for the service of a notice of claim against such Authority. The motion is denied.