Birdie Amsterdam, J.
Plaintiff, in this personal injury negligence action, moves for dismissal of the affirmative defense pleaded and the defendant, New York City Transit Authority, cross-moves for dismissal of the complaint. Both the main and the cross motion are based upon arguments founded upon the same facts. Both raise the same issue — whether this court has the power to uphold the institution of an action against a public authority, as defendant, more than one year and 30 days after the accrual of the cause of action.
Defendant urges that this court is without such power, relying upon the provisions of section 1212 of the Public Authorities Law, and its interpretation of the decisional hnv thereunder. Plaintiff argues that even if the court is ordinarily without such power, the circumstances of the instant case compel a different conclusion herein, relying upon the section above cited, CPLR 204 (subd. [a]), and also arguing that section 1212 must be *415 construed in conjunction with sections 50-e and 50-i of the General Municipal Law.
The chronology of the events that preceded this motion, including the disposition of the prior motion herein, indicates an expeditious processing of the motion by plaintiff, under the circumstances.
Plaintiff was allegedly injured on December 23, 1963. She was thereafter hospitalized and under medical treatment for a period of approximately 11 months. Shortly after retaining an attorney, a motion was made for leave to file a late notice of claim. This motion was returnable December 14, 1964 (eight days less than one year after the accident) and, after several adjournments, was submitted on January 22, 1965. The court’s (Greenberg, J.) memorandum decision granting the motion, was dated January 26, 1965 and filed in the office of the Clerk of Special Term, Part I of this court on January 27, 1965. On February 5, 1965, plaintiff’s attorney served upon defendant a copy of his proposed order, with a notice of settlement for February 10. The order was, in fact, signed February 15 and filed February 17. It provided that claimant was to be *6 permitted to serve a notice of claim * * * within ten days after the order appears in the New York Law Journal, and the New York City Transit Authority is directed to accept such notice of claim, with the same force and effect as if said notice of claim had been duly served within ninety days after the claim arose.” The notice of claim was served and filed on February 23 and the summons and complaint herein served March 22,1965.
Defendant argues that the last day for commencement of suit was January 22,1965, one year and 30 days after the date of the accident.
This court does not accept that argument, for the period during which the prior application was sub judice should be excluded from the period of limitation. This period, to be excluded, and during which the running of the statute was tolled can be computed as including either the entire period from December 14, 1964 through February 15, 1965, or some period less than that if dates of inaction, (that period between February 15, 1965 when the order was signed, and February 23, when the notice of claim was filed), on plan tiff’s part, are to be deducted therefrom. Assuming the latter to be the correct method, 53 days would be added to the one-year and 30-day period, which would extend that period until March 16 — seven days prior to the date of service of the summons and complaint.
. However, at this point, plaintiff argues, CPLE 204 (subd. [a]) comes into play. Under that section, it has been held, “ when *416 the commencement of an action * * * is stayed by statute for a period during which a prescribed procedure is to be carried out, the period of limitations within which action must be brought is extended * * * for the full period of the statutory stay, notwithstanding that the prescribed procedure may in fact have been accomplished in less time. ” (De Jose v. Town of Hempstead, 25 Misc 2d 780, 781.) Accordingly, as suit may not be instituted for a period of 30 days after the filing of a notice of claim, an additional 30 days must be added to March 16 to fix the last date for commencement of this action. This court does not believe that plaintiff should be penalized for failing to attempt to serve the summons and complaint at the same time as the notice of claim was filed, on the theory that the nunc pro tune provisions of the prior order allowed such procedure. Clearly such an approach would be contrary to the express terms and intendment of the applicable statutory provision of CPLR 204 and section 50-e of the General Municipal Law.
In addition to the above rather technical and legalistic bases for granting the plaintiff’s motion, a more fundamental basis is present. Expressly, the Legislature, in enacting section 50-e of the General Municipal Law, acted to allow claimants, disabled for a period of less than one year, to serve a late notice of claim with leave of the court. Plaintiff, in the instant case, received such leave. While, as defendant urges, the provisions of section 50-i of the General Municipal Law do not, for some reason not discernible by this court, apply to public authorities such as defendant (cf. Hlanko v. New York City Housing Auth., 44 Misc 2d 365), the purpose of section 50-e would be disserved if one acting pursuant to it, and receiving leave to file a late notice of claim could not, within the applicable 30-day period, commence an action. To hold otherwise would substantially vitiate, if not nullify, the effect of the prior order herein. The silence of section 50-e on the question of the period for commencement of actions should not be so strictly construed so as to, by implication, impose an absolute barrier against the power of this court to serve the interests of justice; to aid in effectuating the obvious intent of the Legislature, and to enable defendant herein, by indirection, to substantially overturn a prior decision in this case which was not appealed. No case has been cited to this court where a plaintiff has been held time-barred from commencing an action where the attempt to do so was timely made after leave of the court was granted to file a late notice of claim. Accordingly, the motion is granted; the affirmative defense dismissed, and the cross motion, denied.