840

■ SAUL AUSTRIAN, Doing Business as COMMERCIAL STATIONERY COMPANY, Appellant, v. STANLEY D. SCHNAPPER et al., Respondents.— Order, entered on July 1, 1964, granting reargument and upon reargument, granting the motion of defendant Schnapper to strike the "Eighth" cause of action for legal insufficiency and the motion of defendant Lieberman to strike the "Ninth" cause of action for legal insufficiency, unanimously affirmed, without costs or disbursements on the authority of Kleinfeld v. Roburn Agencies (270 App. Div. 509). Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES PARIS, Appellant.— Judgment of conviction affirmed. Concur — McNally, Stevens and Steuer, JJ.; Breitel, J. P., and Valente, J., dissent and vote to reverse and grant new trial only on the ground that the curtailment of the cross-examination of the witness Weitz required striking of his testimony and an appropriate instruction to the jury. There are other errors in the charge but, in the light of the strong case for the People, those errors would not warrant reversal. Thus the court should have charged the jury on the significance of the claim of privilege by the witness Weitz, if that testimony could have been permitted to stand, and it was injudicious to refer to defendant not claiming to have received a bill of sale or a check in payment.

■ CLAUDIA HLANKO, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Order, entered October 29, 1964, denying defendant's motion under CPLR 3211 (subd. [a], par. 5) to dismiss the action on the ground that it was not timely brought, unanimously reversed, on the law, without costs or disbursements to any party, and the motion to dismiss the complaint granted. The time within which to bring an action against a Housing Authority is determined by section 157 of the Public Housing Law. Plaintiff is not entitled to the benefit of section 50-i of the General Municipal Law because that statute is expressly confined to actions against cities, counties, towns, villages, fire districts and school districts. While this makes for an inconsistent statutory pattern when one compares section 50-e of the General Municipal Law, the fact remains that the statutes make differential provisions by way of time limitations for instituting an action. The inconsistent statutory pattern requires correction, if any, by the Legislature. The power to correct may not be arrogated by the courts. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ. [44 Misc 2d 365.]