Lester Holtzman, J.
Plaintiffs move for an order striking as insufficient in law paragraph ‘ ‘ tenth ’ ’ of the answer containing the defense of noncompliance with the short Statute of Limitations.
The infant plaintiff was injured on January 3, 1964. On March 31,1964 plaintiffs served a notice of claim on the defendant pursuant to section 50-e of the General Municipal Law. Thereafter, the defendant served notice upon plaintiffs requiring them to appear for examination before trial at the office of *622 the Comptroller. The examination was held on October 15,1964. The summons and complaint were served on May 24, 1965, one year and 138 days from the date of the accident. Subdivision 5 of section 50-h of the General Municipal Law provides: ‘ ‘ Where a demand for examination has been served * * * no action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter.”
Inasmuch as plaintiffs were prohibited from commencing their action from April 21, 1964, the date of the notice of the examination by the Comptroller, to October 15, 1964, the date of the actual examination, a period of 177 days, that period must be added to the year and 90 days provided by section 50-i of the General Municipal Law. That would extend plaintiffs’ time to commence their action until October 28, 1965. Plaintiffs served their summons and complaint on May 24, 1965 and the court holds that this action was timely commenced and was not barred by statutory limitations. (Gurfein v. City of New York, 28 Misc 2d 252; Israel v. City of New York, 28 Misc 2d 418.) Accordingly, the motion is granted and the affirmative defense is stricken from the answer.