■ ELIZABETH BARCHET, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered May 19, 1965 in New York County, which granted a motion by plaintiff for an order to dismiss the affirmative defense and denied a cross motion by defendant to dismiss the complaint.

MEMORANDUM BY THE COURT. Order entered May 19, 1965, granting plaintiff's motion to dismiss the affirmative defense and denying the cross motion to dismiss the complaint, reversed, on the law, without costs and without disbursements, the motion denied and the cross motion granted. The defense is that plaintiff failed timely to commence this action. Subdivision 2 of section 1212 of the Public Authorities Law requires a tort action against the defendant to be commenced not more than one year after the cause has accrued. The accident is alleged to have occurred December 23, 1963. The action was commenced March 22, 1965. Subdivision 4 of section 1212 requires the complaint to allege that at least 30 days have elapsed since the service of the notice of claim required by section 50-e of the General Municipal Law. CPLR 204 (subd. [a]) extends the time for the commencement of an action stayed by the court or prohibited by statute to the extent the action is so stayed or prohibited. The cumulative effect of section 1212 and CPLR 204 is to enable a tort action against the defendant if commenced within not more than one year and 30 days after its accrual. (*Amex Asphalt Corp.* v. *City of New York*, 263 App. Div. 968, affd. 288 N. Y. 721.) The order made February 15, 1965 granting plaintiff leave to serve the late notice of claim and the proceedings incident to the motion therefor do not serve to enlarge plaintiff's time to commence this action. CPLR 204 enlarges the time to commence an action " Where the commencement of the action has been stayed by a court or by statutory prohibition ". The commencement of this action was not stayed and there is no statutory prohibition. Subdivision 4 of section 1212 of the Public Authorities Law simply requires the complaint to allege the lapse of 30 days since the service of the notice of claim; it does not prohibit the commencement of the action. In any event, the extension of time to file the claim does not operate to suspend or affect the time limitation of section 1212 of the Public Authorities Law. (See *Christian* v. *Village of Herkimer*, 5 A D 2d 62, affd. 5 N Y 2d 818; *Hernandez* v. *New York City Tr. Auth.*, 41 Misc 2d 123, affd. 20 A D 2d 968.) The *Christian* case is express authority for the proposition that the provisions for serving a late notice of claim do not have the effect of extending the time during which the action may be commenced. The provision of subdivision 4 of section 1212 of the Public Authorities Law requires the allegation that at least 30 days have elapsed since service of the notice of claim enables a timely action within 1 year and 30 days after the cause of action has accrued (*Amex Asphalt Corp.* v. *City of New York, supra*) ; it does not serve to toll the Statute of Limitations pending an application for the extension of time to serve a notice of claim nor does it prohibit the commencement of an action.

EAGER, J. (dissenting). This is an appeal from an order, entered May 19, 1965, granting plaintiff's motion to dismiss the affirmative defense of defendant Transit Authority alleging that the action was not brought within the time limited by section 1212 of the Public Authorities Law. The order also denied defendant's cross motion to dismiss the complaint.

Special Term correctly held that the action was not barred by the Statute of Limitations.

The plaintiff, suing to recover for personal injuries due to the negligence of the defendant, alleges that the accident occurred on December 23, 1963. Her cause of action accrued then and not as of the time of the filing of a claim pursuant to the provisions of the General Municipal Law (§ 50-e). (See *Dickinson* v. *Mayor*, 92 N. Y. 584; *Trela* v. *Village of Green Is.*, 14 A D 2d 970; *Christian* v. *Village of Herkimer*, 5 A D 2d 62, affd. 5 N Y 2d 818; *Feczko* v. *New York City Tr. Auth.*, 15 Misc 2d 667; *Javet* v. *City of New York*, 187 Misc. 841.) Accordingly, on the application of the generally prescribed limitation period of one year and thirty days, the last day to commence suit would have been January 22, 1965. Plaintiff had not, however, filed a notice of claim as required by the General Municipal Law (§ 50-e), but on December 18, 1964, she duly moved for leave to file a late notice of claim. The motion was duly submitted to the court on January 22, 1965. Subsequently, on the basis of duly established physical incapacity of the plaintiff during the period for the filing by her of a notice of claim, the court, on February 15, 1965, rendered an order pursuant to the General Municipal Law (§ 50-e, subd. 5), granting plaintiff leave to serve a notice of claim " within ten days after the order appears in the New York Law Journal, and the New York City Transit Authority is directed to accept such notice of claim, with the same force and effect as if said notice of claim had been duly served within ninety days after the claim arose." The order was entered on February 17, 1965, and pursuant thereto the plaintiff duly served a notice of claim on February 23, 1965.

As of the time of bringing and submission of the application to serve a late claim, the plaintiff could not sue because no claim, a condition precedent to suit, had been served within the prescribed period of 90 days after the accident. (Public Authorities Law, § 1212; see, also, General Municipal Law, §§ 50-e, 50-i.) In fact, after the expiration of said 90-day period, the plaintiff could not serve a claim except on order of the court; and it is expressly provided that the application to the court "shall be made prior to the commencement of an action to enforce the claim". (General Municipal Law, § 50-e, subd. 5.) The statutory provisions had the effect of staying suit from March 24, 1964 (when plaintiff became in default in the matter of serving a claim) until December 18, 1964 (when plaintiff's application to serve a late claim was made). Moreover, further statutory provisions prohibiting suit prior to the service of a notice of claim (Public Authorities Law, § 1212, subd. 2; General Municipal Law, §§ 50-e, 50-i) barred any suit by plaintiff prior to the actual service of her claim on February 23, 1965, then accomplished pursuant to the order of the court.

Furthermore, dependent upon the construction of and effect to be given the particular provisions of the order, the plaintiff may have been restrained from bringing suit for a further period of 30 days from time of service of her claim, during which period the Authority would have an opportunity to adjust or pay the claim. (Public Authorities Law, § 1212, subd. 1.) If this be so, this action would appear to have been prematurely instead of belatedly brought. (See *Widger* v. *Central School Dist.*, 23 A D 2d 811; *McGovern* v. *City of New York*, 250 App. Div. 102; *Rapp* v. *City of New York*, 176 App. Div. 155.) But the defendant does not contend here that the action was brought too soon. If

the defendant seeks and procures a dismissal on this ground, the plaintiff "may commence a new action upon the same cause of action within six months after the termination" of the action. (CPLR 205; *Mulligan* v. *Westchester County,* 272 App. Div. 929; *McGovern* v. *City of New York, supra.*)

In any event, as hereinbefore demonstrated, the plaintiff was prohibited by statutory directive from bringing an action to enforce her claim for a period commencing on March 24, 1964 and continuing until February 23, 1965 when she served a claim, pursuant to the order of the court. Where, as here, "the commencement of an action has been stayed * * * by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." (CPLR 204, subd. [a]; see, also, *Brehm* v. *Mayor,* 104 N. Y. 186; *Amex Asphalt Corp.* v. *City of New York,* 263 App. Div. 968, affd. 288 N. Y. 721; *Israel* v. *City of New York,* 28 Misc 2d 418; *Gurfein* v. *City of New York,* 28 Misc 2d 252.) Thus, this action, commenced on March 22, 1965, is not time-barred.

The determination here does not conflict with anything decided or said in *Sullivan* v. *City of Watervliet* (285 App. Div. 179) relied upon by the defendant. While said case also involved the application of the Statute of Limitations on the filing of a late claim pursuant to a court order, the court was careful to note that the "sole contention" of the plaintiff was that the time limitation contained in the Watervliet City Charter was repealed by the enactment of section 50-e of the General Municipal Law (p. 180). The court rejected this contention, holding that the charter provisions were controlling. There was no contention made there that plaintiff's right to sue had been suspended or stayed for any time other than for a period of three months following the service of the notice of claim; and the court pointed out that, following such period of three months, the plaintiff still had ample time to sue prior to the expiration of the limitation period prescribed by the charter, the court holding that the plaintiff's "failure to do so bars this action" (p. 181). Here, in the case at bar, the general limitation period prescribed by statute, if not suspended, would have expired long before the plaintiff was allowed to serve her claim.

Also, *Christian* v. *Village of Herkimer* (5 A D 2d 62, affd. 5 N Y 2d 818, (*supra*), relied upon by the majority, is clearly distinguishable and not controlling here. In that case, the plaintiff was injured on November 29, 1954, and an order was rendered on October 27, 1955, granting plaintiff permission to serve a late notice of claim. His notice of claim was served on October 27, 1955. But the action by plaintiff was not instituted until July 19, 1956. In the meantime, there was an appeal but the court noted that there was no stay of proceedings pending the appeal, and further noted that the plaintiff had the right to commence his action "at any time after the expiration of 30 days" after the filing of the claim; that an action could have been commenced on November 27, 28 or 29, 1955 and still have been brought within the one-year limitation period prescribed by Village Law (§ 341). So, in *Christian,* we have a situation where plaintiff, who was not subject to a stay, neglected to sue pending an appeal; whereas, in the case at bar, the plaintiff could not sue until she obtained leave to serve her notice of claim and, on obtaining such leave, this suit was promptly brought.

The conclusions and the result here reached are required in order to give due and proper effect to the order, entered February 17, 1965, permitting plaintiff to serve the late notice of claim. Said order was not appealed from and the defendant, conclusively bound by the provisions thereof, may not now urge that it should not be given effect in accordance with its fair intendment. If one, such as the plaintiff here, duly receiving permission in accordance with the provisions of General Municipal Law (§ 50-e) to serve a late claim, should

nevertheless be held time-barred from the enforcement of her claim by a failure to sue before receiving permission, then, the proceeding for such permission and the order of the court, though expressly authorized by the statute, would represent but an idle ceremony. If it should be held that plaintiff's claim, duly allowed to be prosecuted pursuant to a late service, was nevertheless time-barred when allowed, then the beneficent purpose of the statute and the intendment of the order of the court would be frustrated. Any such result may and should be avoided by the conclusions, here reached, which merely give proper effect to the several pertinent statutes read together and construed as a whole.

The order of Special Term should be affirmed.

McNally, Stevens and Witmer, JJ., concur in Memorandum by the court; Eager, J., dissents in opinion, in which Rabin, J. P., concurs.

Order reversed, motion denied and cross motion granted, etc. [46 Misc 2d 414.]