■ 509 Sixth Avenue Corp., Respondent, v. New York City Transit Authority, Appellant, et al. Defendant.— Order, entered April 9, 1965, denying the motion to dismiss the complaint on the ground that the action is barred by the Statute of Limitations contained in section 1212 of the Public Authorities Law, unanimously reversed, on the law, without costs and disbursements; and motion to dismiss plaintiff's complaint granted, with taxable costs, upon the ground that plaintiff has failed to commence an action within the limitation period prescribed by said section. The plaintiff's claim for damages for trespass fully matured on October 8, 1961, when it sold and divested itself of ownership of the premises. The cause of action then accrued within the meaning of the statutory provisions requiring the bringing of suit within one year (and 30 days — see *Amex Asphalt Corp.* v. *City of New York*, 263 App. Div. 968, affd. 288 N. Y. 721) " after the cause of action therefor shall have accrued". (Public Authorities Law, § 1212, subd. 1; see *Trela* v. *Village of Green Is.*, 14 A D 2d 970; *Christian* v. *Village of Herkimer*, 5 A D 2d 62, affd. 5 N Y 2d 818; *Bernreither* v. *City of New York*, 123 App. Div. 291, affd. 196 N. Y. 506; *Feczko* v. *New York City Tr. Auth.*, 15 Misc 2d 667; *Javet* v. *City of New York*, 187 Misc. 841.) The limitation period applicable is one year and 30 days and not the period of one year and 90 days prescribed by General Municipal Law (§ 50-i). (See *Hlanko* v. *City of New York*, 23 A D 2d 840; *Heeren* v. *New York City Tr. Auth.*, 231 N. Y. S. 2d 993.) We agree with Special Term that, as a general rule, the Transit Authority, by proper agreement, could extend the generally prescribed limitation period for the bringing of an action by plaintiff upon its claim; and that the Transit Authority could waive the statute or be estopped from urging it as a defense. (Cf. *Robinson* v. *City of New York*, 24 A D 2d 260.) But the written stipulation between the parties staying suit upon plaintiff's claim for a period of time, which terminated long before the expiration of the prescribed statutory period of limitations, should not be given the effect of extending the prescribed limitation period and does not,

in and of itself, form the basis for an estoppel barring the Transit Authority from asserting the defense. (See *Robinson* v. *City of New York, supra.*) This case is distinguishable from *Robinson* v. *City of New York (supra)* in that there, the plaintiffs brought their action promptly on the expiration of the contractual stay and it could be said that, as a matter of law, the suit was brought within a reasonable time after the lifting of the contractual stay. Here, the contractual stay expired on May 18, 1962, and the generally prescribed statutory period of limitations would not have expired until November 7, 1962. So, having nearly six months after the expiration of the contractual stay, the plaintiff had ample time to bring its suit before the bar of the statute was effective; and it does not appear that there is any factual basis whatever for a claim of waiver or estoppel. (Cf. *Sullivan* v. *City of Watervliet,* 285 App. Div. 179.) Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.