(Republished)

■ ETHEL HAMILTON et al., Respondents, v. PRESBYTERIAN HOSPITAL OF THE CITY OF NEW YORK, Appellant.— Motion to resettle order of October 15, 1965 granted. The exclusion from the retrial of the issue as to the alleged malpractice of the physician was determined to be required on the law and not as a matter of discretion. The objection raised by defendant directed towards a possible avoidance by plaintiffs of the requirement for the filing of a stipulation for judgment absolute does not justify denial of the relief sought by plaintiffs. Whether the jurisdictional requirements for an appeal to the Court of Appeals will have been complied with is for that court to determine at an appropriate time. Concur — Rabin, J. P., McNally, Eager, Steuer and Staley, JJ.

## SECOND DEPARTMENT, JANUARY, 1966

### (January 3, 1966)

■ FRANK P. GRECO, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County, entered August 10, 1965, as denied his motion to dismiss the defense of the defendant Board of Education that the action was time-barred. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion granted. In our opinion, under the facts of this case and the applicable sections of the law then in force, the plaintiff was entitled to one year and 73 days from the accrual of the cause of action within which to commence the action against the Board of Education (General Municipal Law, § 50-h; General Corporation Law, § 3, subd. 2; former Civ. Prac. Act, § 24, now CPLR 204, subd. [a]; Amex Asphalt Corp. v. City of New York, 263 App. Div. 968, affd. 288 N. Y. 721; Gurfein v. City of New York, 28 Misc 2d 252; Israel v. City of New York, 28 Misc 2d 418; De Jose v. Town of Hempstead, 25 Misc 2d 780). Beldock, P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.