Breitel, J.
(dissenting). The applicable limitations period in this case is one year under .subdivision 2 of section 1212 of the Public Authorities Law. The court is without power or discretion to vary the period, unless the provisions of CPLR 204 (subd. [a]) apply (cf. Arnold v. Mayal Realty Co., 299 N. Y. 57, 60).
Section 204, quoted in the majority opinion, excepts from the running of the .statute any period of time during which plaintiff was stayed by statute or a court order from commencing her action. There is such a 30-day stay under subdivision 4 of section 1212 of the Public Authorities Law (see Amex Asphalt Corp. v. City of New York, 263 App. Div. 968, affd. 288 N. Y. 721).
Here there was, of course, no court order enjoining plaintiff from suing. Nor were there any statutory prohibitions which prevented the bringing of the action. There was only the condition precedent for filing a late notice of claim by first obtaining leave from the court within the one year plus 30-day period. Satisfaction of this condition precedent was under the control of plaintiff, and not the consequence of either a statutory or judicial prohibition. The majority states as much, but then reasons that the period used by the court in making its determination to grant leave is to be expected from the running of the statute. But there is no statutory exception to cover this kind of delay either in section 1212 or section 204.
The ratio decidendi in Christian v. Village of Herkimer .(5 A D 2d 62, 65, affd. 5 N Y 2d 818) is not distinguishable. It was asserted flatly that the running of limitations, under parallel statutes, is not tolled for the period during which plaintiff could not begin his action because of his own failure to comply with the condition precedent of first filing a notice of claim and the lapse of 30 days thereafter.
Accordingly, the order of the Appellate Division should be affirmed.
*9 Chief Judge Fuld and Judges Van Voorhis, Burke and Bergan concur with Judge Keating ; Judge Breitel dissents and votes to affirm in an opinion in which Judge Scileppi concurs.
Order of Appellate Division reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.