Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiffs instituted a malpractice action against defendant hospital by service of a summons and complaint upon it in February, 1977, alleging that the acts of malpractice occurred in April, 1975. Plaintiffs also alleged in Paragraph No. 2 of the complaint that defendant is a domestic corporation maintaining a hospital and medical facilities in the Village of Ilion, County of Herkimer, New York. Defendant appeared and admitted the allegations of Paragraph No. 2 of the complaint. In the following two years the parties engaged in the usual pretrial procedures, preparing the action for trial. When the case was ready for submission to the court medical malpractice panel, by motion returnable in April, 1979 defendant moved at Special Term for dismissal of the complaint for failure of plaintiffs to comply with section 50-e of the General Municipal Law. In support of the motion defendant submitted affidavits that in the early 1960’s, acting pursuant to section 126-a of the General Municipal Law, the adjoining Towns of German Flatts and Frankfort voted to assume the obligations of joint ownership and operation of defendant hospital, that in furtherance thereof each town named and continues to name three members to a board of managers of the defendant Mohawk Valley General *1013 Hospital, and that such six-member board operates the hospital corporation in behalf of the two towns. Plaintiffs acknowledged that they did not comply with section 50-e or 50-i of the General Municipal Law, but asserted that it was unnecessary to do so. Special Term disagreed and granted an order dismissing the complaint, holding that because of the statutory requirement that the action be brought "within one year and ninety days after the happening of the event upon which the claim is based” (General Municipal Law, § 50-i, subd 1, par [c]) plaintiffs’ cause of action no longer exists, and also that because of the elapsed time, the court had no authority to entertain an application for leave to file a late notice of claim. Because of the pleadings in this case, wherein it is admitted that defendant is a domestic corporation, sections 50-e and 50-i of the General Municipal Law are not applicable. No motion to amend the pleadings has been made; and we express no opinion as to whether such application should be favorably entertained if made. Were we to reach the merits of Special Term’s ruling, however, we would hold that sections 50-e and 50-i of the General Municipal Law do not apply in this case because the Legislature has not expressly provided therefor in the statute (General Municipal Law, § 126-a) under which it appears that defendant was created (see Hlanko v New York City Housing Auth., 23 AD2d 840, affd 19 NY2d 937; Brown v North Country Community Coll., 63 Mise 2d 442, 446; Martin v Town ofEsopus, 57 Mise 2d 487; Harrigan v Town of Smithtown, 54 Mise 2d 793, 794). Section 50-i of the General Municipal Law specifies what corporations are affected thereby and it does not specify a corporation such as defendant. Section 50-e of that law provides for service of notice of claim upon a public corporation. A public corporation is defined in subdivision 1 of section 66 of the General Construction Law as including a municipal corporation, a district corporation and a public benefit corporation. Subdivision 4 thereof defines the latter as one organized to operate a public improvement. Section 2 of the General Municipal Law defines a municipal corporation as including only "a county, town, city or village”. As shown by analogy in the above-cited cases, a corporation created under section 126-a of the General Municipal Law has a different basis from that of a municipal corporation or a hospital corporation wholly controlled by a municipality (as to which, see Guarrera v Lee Mem. Hosp., 51 AD2d 867). Section 126-a of the General Municipal Law fails to provide how service of process shall be made in a tort action against a facility newly created thereunder, and in the absence of special statutory provisions the standard provisions of law are applicable. (Appeal from order of Oneida Supreme Court—dismiss complaint.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.