■ PATRICIA DEMILLE, Respondent, v FRANKLIN GENERAL HOSPITAL et al., Appellants. — In an action to recover damages for wrongful death, pain and suffering, etc., sustained by reason of defendants' alleged negligence and malpractice, defendants separately appeal (1) as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated November 21, 1983, as (a) granted plaintiff's motion, pursuant to CPLR 3211 (subd [b]), to dismiss the Statute of Limitations defenses in the answers of the various defendants, and (b) denied the cross motions of defendants Diamond, Geshlider, Seguerra and Franklin General Hospital to dismiss plaintiff's wrongful death causes of action on the ground that they were barred by the Statute of Limitations and (2) from an order of the same court, dated January 20, 1984, which denied defendants' motion and cross motions pursuant to CPLR 2221 for leave to renew the prior motions.

Order dated November 21, 1983 reversed, insofar as appealed from, on the law, plaintiff's motion denied and cross motions granted.

Appeals (other than by defendants Franklin General Hospital and Seguerra) from the order dated January 20, 1984 dismissed as academic, in light of our disposition of the appeals from the prior order. Appeals by defendants Franklin General Hospital and Seguerra from the January 20, 1984 order dismissed as abandoned.

Appellants appearing separately and filing separate briefs are awarded one bill of costs.

Special Term erred in granting plaintiff's motion to dismiss defendants' affirmative defenses of the Statute of Limitations and in denying the cross motions of defendants Diamond, Geshlider, Seguerra and Franklin General Hospital to dismiss plaintiff's causes of actions for wrongful death.

Plaintiff's decedent died at defendant Franklin General Hospital on March 21, 1981 and plaintiff retained present counsel on May 26, 1981. Plaintiff alleges that defendant hospital refused to release any medical records until letters of administration were obtained; initially forwarded unrelated records after such letters were obtained; and fraudulently concealed an autopsy report which was crucial to her case, all of which resulted in delaying commencement of this action until some two months after the two-year period of limitations on wrongful death actions had run. Plaintiff additionally argues that her counsel was diligent in prosecuting the case, but that the effect of this delay was exacerbated by the attorney's disability resulting from an accident.

Plaintiff has failed to show that defendants should be equitably estopped from pleading the Statute of Limitations because she was "induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli,* 44 NY2d 442, 449), or that any delay *prevented* such timely commencement (cf. *Arbutina v Bahuleyan,* 75 AD2d 84, 87). Her attorney was in possession of the necessary records over a year before the period of limitations ran, and had an expert opinion almost three months prior to that deadline. There is no convincing evidence that defendant hospital's conduct was in any way calculated to delay commencement of the action. Even if such conduct existed it had ceased to be operational well within the period of limitations (*Simcuski v Saeli, supra,* pp 449-450; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 24 AD2d 975, 976). Any "law office failure" due to the attorney's disability and workload upon return to his office did not excuse the failure to comply with the Statute of Limitations. In any event, he was admittedly able to attend to the matter over a month before the period of limitations ran.

Additionally, plaintiff has failed to show why the alleged delay in producing the records or autopsy report should be chargeable to any defendant other than the hospital. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.