Bertram Harnett, J.
By memorandum decision dated March 30, 1973, this court granted defendants’ motion for summary judgment on the grounds that the action was not commenced within the two-year Statute of Limitations period applicable to wrongful death claims. (See Santaniello v. De Francisco, 73 Misc 2d 934.) Now, plaintiff moves to reargue that motion, contending that (1) the court could not dismiss the action in reliance on a Statute of Limitations not formally pleaded by defendants; and (2) the two-year period was extended by statute beyond the time when the action was commenced.
Since neither of these contentions was previously raised, and both bear materially on the ultimate disposition of the pleaded defense, the court will grant reargument in order to provide a total resolution of the matter.
The sequence of events here reveals three critical occurrences. First, according to the pleadings, Theresa Santaniello was killed at a Long Island Railroad (LIRR) crossing on March 29, 1970. Second, her father, Joseph Santaniello, served a notice of claim *230 on the LIRE and its parent organization, the Metropolitan Transportation Authority (MTA) on May 29, 1970 and June 26, 1970, respectively. Finally, this action for wrongful death was commenced on May 16 and May 17, 1972 against the MTA and LIRE, in that order.
The computation of limitation periods in cases brought against public authorities invariably entails the intermeshing of procedural preconditions imposed upon the timetable of litigation events by the General Municipal Law, Public Authorities Law, and the applicable Statute of Limitations. It is undisputed that in wrongful death cases generally, the action must be commenced “ within two years after the decedent’s death ”. (EPTL 5-4.1.) But, that period is subject to enlargement by virtue of subdivision (a) of the CPLR 204 which provides: “Where the Commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not ,a part of the time within which the action must be commenced ”.
Statutory prohibitions against action commencement fall into two broad categories in litigation against public authorities.
The first of these is where a statute specifically bars commencement of an action for a stated period of time. In such cases, a mandatory waiting period is prescribed over which plaintiff has no control. Typical of these are the various waiting periods prescribed for bringing personal injury actions after notice of the claim is given. The Statute of Limitations is then extended by the period of statutory prohibition. Thus, where 30 days must pass after service of the notice of claim before the action is commenced, the Statute of Limitations is broadened by a like 30 days. (Brehm v. Mayor, etc., of City of New York, 104 N. Y. 186; Wakefield v. Board of Educ. of City of N. Y., 192 Misc. 639, mod. on other grounds, 274 App. Div. 884, affd. 299 N. Y. 664; Amex Asphalt Corp. v. City of New York, 263 App. Div. 968, affd. 288 N. Y. 721.) Where the statutory delay period is three months, the limitation period is also extended a like term. (Mulligan v. County of Westchester, 272 App. Div. 929; Sullivan v. City of Watervliet, 285 App. Div. 179.)
Subdivision 1 of section 1276 of the Public Authorities Law, one of the mandatory delay periods, provides: “ As a condition to the consent of the state to such suits against the authority, in every action against the authority * * * for personal injuries or death, the complaint .shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims-upon which the action is founded were presented to a *231 member of the authority * * * and that the authority has neglected or refused to make an adjustment or payment thereof
This 30-day waiting period is established to allow the public authority some opportunity to investigate the incident and settle it informally before being confronted with a judicial proceeding. When read with subdivision (a) of OPLB 204, it brings about a two-year and 30-day Statute of Limitations in wrongful death claims against public authorities. Two years and 30 days after the decedent’s death on March 29,1970 would be April 28, 1972. Yet, the action was commenced against both public authorities in May, 1972, and is therefore time-barred in this respect.
The second type of recognized “ statutory prohibition” is plaintiff’s remaining hope for extending the limitation period further. It is found where a u precondition ” or procedure, usually requiring some undefined time for compliance, is imposed upon the suing party before any litigation may be started. Here, there is no stated period of prelitigation limbo. Its duration is unspecified. But, its essential quality is that the mandated procedure entail participation or certification by an entity other than the plaintiff alone. It may not be solely dependent upon the suing party’s unilateral action. Accordingly, where a court order is required in order to bring suit against a public body, subdivision (a) of CPLB 204 has been held to extend the applicable limitation period by the period of time actually required to obtain such leave. (Creswell v. Doe, 22 A D 2d 942 [iv. of ct. required in order to sue MVAXC under subdivision (a) of section 618 of the Insurance Law, thereby stalling Statute of Limitations].) And, there is split authority on whether a statutory provision allowing a municipality to demand an examination of the injured party within 90 days of service of the notice of claim, creates a 90-day limitation extension. (Cf. Greco v. Board of Educ. of City of N. Y., 25 A D 2d 432; De Jose v. Town of Hempstead, 25 Misc 2d 780; Israel v. City of New York, 28 Misc 2d 418, with Franklin Soc. Fed. Sav. & Loan Assn. v. City of New York, 66 Misc 2d 675; Kratz v. Dussault, 33 A D 2d 826.)
Section 50-e of the General Municipal Law, specifically made applicable to public authorities under subdivision 2 of section 1276 of the Public Authorities Law, requires that a notice of claim be served on public authorities within 90 days of the claimed accident, and be so served before the action is commenced. But, while this act is a precondition to bringing suit,, it is one solely within plaintiff’s control, requiring action by no *232 outside "body. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 204.03, p. 2-113.) It simply entails completing a notice of claim form with the statutory requisites and serving the appropriate officials. Whether it is done in one day or 90 days is up to the plaintiff. There is direct authority bearing on this issue. The Court of Appeals in Barchet v. New York City Tr. Auth. (20 N Y 2d 1, 6) unanimously held that the statutory limitation period was extended by the time required to obtain a court order allowing late service of a claim notice. The court specifically noted that the required leave of court rendered the claimant’s right of action “no longer solely within her control” and found it ‘ ‘ quite similar to that which requires the plaintiff to allege that 30 days have elapsed since the notice of claim was served ”. ' The action was sustained as timely brought since the complaint was served within the limitation period so extended. However, the court stated (p. 6) in dicta, that the initial 90-day period in which a notice of claim must be served does not fall within the provisions of subdivision (a) of CPLR 204: ‘ ‘ The statutory requirement for service of a notice of claim within 90 days after the occurrence of the event for which recovery is sought is clearly not a statutory prohibition. It is a condition precedent to the commencement of the action in the same way as is the service of a summons. The plaintiff has complete control over the acts necessary to effectuate compliance with the statutory mandate. All the plaintiff need do is make out the prdper paper and serve it.”
"While there is contrary authority in other jurisdictions (see, e.g., Young v. City of Seattle, 30 Wn. 2d 357; Ann. 3 ALE 2d 711, Limitation period as affected by requirement of notice or presentation of claim against government body) and the logical distinctions made in Barchet have been criticized by some commentators (see, J. M. McLaughlin, Civil Practice, 19 Syracuse L. Eev. 501, 506-509), the dictum and reasoning in that case are nonetheless the law in New York today.
The distinction based upon whether compliance with the precondition lies solely within plaintiff’s control is rooted in practical considerations. If plaintiff’s being able to sue depends upon an action by an entity outside of his control, then delay by that external body, even perfectly legitimate delay in processing or determining an application, could unjustly result in extinguishing plaintiff’s right to sue by preventing commencement of the action until after the stated limitation period. (See 2 Carmody-Wait 2d, New York Practice, § 13:197, p. 594.) While a plaintiff may have some control over the initiation of *233 proceedings to obtain leave to sue, the ultimate determination is beyond his control. But not so with the notice of claim which is a procedure wholly within plaintiff’s ambit and could not therefore occasion prejudicial delay except that occasioned by plaintiff’s own inaction.
Therefore, the maximum period for bringing this action was two years and 30 days, unaffected as it is by the notice of claim provision. Plaintiff failed to sue within the required time. (See Woodcrest Constr. Co. v. City of New York, 185 Misc. 18, affd. 273 App. Div. 752; Javet v. City of New York, 187 Misc. 841, affd. 272 App. Div. 795.)
Plaintiff’s second point in urging reargument is that the court in its prior decision dismissing the action employed a Statute of Limitations, which although applicable, was not. specifically pleaded, and is therefore precluded. Two aspects of the prior dismissal should be noted. First, both defendants have ajl along pleaded and urged untimeliness in their correspondence and answers, although citing the incorrect time period which, at the outside, ultimately bars this action. Second, at oral argument of the prior motion at Special Term, defendants’ counsel specifically urged dismissal because of the two-year period set under the Estates, Powers and Trust Law.
A defense based upon Statute of Limitations is waived if not pleaded or set forth in a motion to dismiss (CPLR 3211, subd. [e]; Gauthier v. Village of Larchmont, 30 A D 2d 303). Yet, the court believes that in substance, defendants pleaded untimeliness. The incorrect designation of grounds for relief may be cured by treating the proper ground as having been raised, provided that the opposing party is not prejudiced by the delay or lack of notice. (See McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3211, Siegel, Practice Commentary, C3211:37.) Here, no prejudice or waste is evident in proceedings held thus far. There has been no trial held, no pretrial or calendar readiness proceedings even indicated, beyond the bill of particulars.
Moreover, plaintiff from the very start knew that the Statute of Limitations was an issue to be confronted. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 201.11, p. 2-18.) He has no valid claim of surprise. No additional preparation or witnesses are required in order to counter the added ground which is the same in substance as the one pleaded, differing only in the length of claimed actionable period. Moreover, the court is impelled to resolve the timeliness defense completely, to “ search the record” once it is raised. (Cf. CPLR 3212, subd. [b]; 3211, subd. [c].) That the precise statutory citation was not pleaded *234 is not determinative. Once the question of limitations was raised in the pleadings, the court had jurisdiction to ascertain what period did in fact apply and in effect to permit the pleadings to he amended by addition of the correct statutory citation. (See Irving Finance Corp. v. Wegener, 30 A D 2d 958.)
This is particularly true where plaintiff, by virtue of the court’s prior decision, upon application of the same, liberal pleading rules was granted leave to amend his complaint with the addition of a technical allegation inadvertently omitted. Upon being served :with the amended complaint, defendants would have in turn an opportunity to serve amended answers which no doubt would now contain the correct statutory citation. (Curry v. Mackenzie, 239 N. Y. 267.)
Accordingly, upon reargument, the court adheres to its initial decision for the additional reasons given here.