Alicia MORENO, Appellant,

v.

CITY OF EL PASO, Appellee.

No. 08–01–00316–CV.

Court of Appeals of Texas,
El Paso.

March 21, 2002.

Rehearing Overruled April 24, 2002.

James Darrell Lucas, El Paso, for Appellant.

James A. Mounts, III, Delgado, Acosta, Braden & Jones, P.C., Karen L. Landinger, Ray, McChristian & Jeans, El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Alicia Moreno appeals from a summary judgment granted in favor of the City of El Paso on the ground of limitations. The sole issue on appeal is whether the El Paso Municipal Code's requirement that a person give notice of an injury within ninety days delays the accrual of the cause of action and thus extends the running of the statute of limitations until notice is given. Because we conclude it does not, we affirm.

## FACTUAL SUMMARY

On January 14, 1999, Moreno injured her ankle while attempting to board a bus owned and operated by the City of El Paso. In accordance with Section 3.28.010 of the Municipal Code, Moreno provided written notice to the mayor regarding her injury on March 4, 1999. Because the City subsequently objected that the notice had not been verified as required by another section of the Municipal Code, Moreno filed a verified notice on April 5, 1999. She filed a negligence suit against the City on February 15, 2001, two years and one month after her injury occurred. The City ultimately filed a motion for summary judgment alleging that Moreno had failed to file suit within the two-year statute of limitations applicable to negligence actions. In her response, Moreno asserted that the notice requirement is a condition precedent to filing suit, and therefore, the statute of limitations did not begin running until after she filed the notice. The trial court rejected this argument and granted summary judgment.

## STANDARD OF REVIEW

■■■ In a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex. 1991); *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 784 (Tex.App.-El Paso 1996, writ denied). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.,* 988 S.W.2d 746, 748 (Tex.1999). Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pled or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *Id.* If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

## GENERAL RULES REGARDING ACCRUAL OF A CAUSE OF ACTION

■■■ Moreno's personal injury suit is subject to a two-year statute of limitations. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a)(Vernon Supp.2002). Ordinarily, the statute of limitations begins to run when a particular cause of action accrues. *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996); *Mitchell Energy Corp. v. Bartlett,* 958 S.W.2d 430, 436 (Tex.App.-Fort Worth 1997, pet. denied). The phrase "cause of action" refers to the right to institute suit. *Flores v. Lively,* 818 S.W.2d 460, 461 (Tex. App.-Corpus Christi 1991, writ denied). Thus, a cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 514 (Tex.1998). In most personal injury cases, a cause of action accrues when a wrongful act causes an injury. *Childs v. Haussecker,* 974 S.W.2d 31, 36 (Tex.1998); *see S.V.,* 933 S.W.2d at 4. Moreno, however, relies on a corollary rule: Where demand is an integral part of a cause of action, or a condition precedent to a right of action exists, the cause of action does not accrue and the statute of limitations does not begin to operate until demand is made or

the condition is performed. *See Martin v. Ford,* 853 S.W.2d 680, 683 (Tex.App.-Texarkana 1993, writ denied); *Cummins and Walker Oil Co., Inc. v. Smith,* 814 S.W.2d 884, 886 (Tex.App.-San Antonio 1991, no writ); *Young v. J & J Bail Bonds Co.,* 792 S.W.2d 484, 485 (Tex.App.-El Paso 1990, no writ); *Gabriel v. Alhabbal,* 618 S.W.2d 894, 896 (Tex.Civ.App.-Houston [1st Dist.] 1981, writ ref'd n.r.e.). She argues that because the El Paso Municipal Code precluded the filing of her suit until she provided written notice of her injury, the statute of limitations did not begin to run until April 5, 1999—when she gave written notice—rather than on January 14, 1999, when she actually suffered the injury. Determining what rule of accrual to apply is a question of law. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Mitchell Energy,* 958 S.W.2d at 436.

### NOTICE OF INJURY PROVISION

The City of El Paso is a home rule city existing under Article XI, Section 5 of the Texas Constitution. *See* TEX. CONST. art. XI, § 5; TEX.LOCAL GOV'T CODE ANN. § 5.004 (Vernon 1999); *City of Houston v. Torres,* 621 S.W.2d 588, 590 (Tex.1981). As a home rule municipality, the City of El Paso has full power of local self-government subject to the limitation that its charter and ordinances shall contain nothing inconsistent with the Texas and United States Constitutions or with the general laws enacted by the Legislature. *See Torres,* 621 S.W.2d at 590. Section 51.077 authorizes a municipality to adopt rules governing the municipality's liability for damages caused to a person or property and further permits a municipality to provide for its exemption from liability. *See* TEX.LOCAL GOV'T CODE ANN. § 51.077; *Torres,* 621 S.W.2d at 590, *citing* Article 1175, Section 6 of the Texas Revised Civil Statutes. Pursuant to this authorization, most Texas municipalities include "notice of

claim" requirements in their charters. *Torres,* 621 S.W.2d at 590. These provisions have been construed to be mandatory and the timely filing of a written notice of claim is considered a condition precedent to maintenance of a suit against a city for injuries. *Id.* The Texas Tort Claims Act ratifies a city's charter and ordinance provisions requiring notice of claim for injury to person or property within a stated period. TEX.CIV.PRAC. & REM.CODE ANN. § 101.101(b)(Vernon 1997); *Smith v. City of Houston,* 960 S.W.2d 326, 328 (Tex. App.-Houston [14th Dist.] 1997, no pet.); *see Torres,* 621 S.W.2d at 590 (discussing predecessor statute).

■ The City of El Paso has enacted such a notice of claim provision:

3.28.010 Property Damage and personal injury suits—Notification—Information required.

The city shall not be liable to any person for injuries suffered to his person or the person of another unless the injured person, or someone on his behalf, shall within ninety days or within six months for good cause shown from the date the damage occurred or the injury was received, give notice in writing to the mayor of the following facts:

A. The date and time when the damage or injury occurred and the place where the damage occurred or where the injured person was at the time the injury was received;

B. The nature and extent of the damage or injury together with a specific and detailed statement of how and under what circumstances the injury occurred;

C. The names of all the persons who according to the knowledge or information of the claimant witnessed the happening of the damage or of the injury or any part thereof and the name of the

doctors, if any, to whose care the injured person is committed.

EL PASO MUNICIPAL CODE, Chapter 3.28, Section 3.28.010. The purpose of a such a notice provision is to provide the municipality with an opportunity to investigate an accident while facts are fresh and conditions remain substantially the same, thereby enabling the City to guard against unfounded claims and to settle claims and to prepare for trial. *Artco–Bell Corp. v. City of Temple*, 616 S.W.2d 190, 192 (Tex.1981). These notice provisions are in aid of the management and control of the City's finances and property. *Id., citing City of El Paso v. Nicholson*, 361 S.W.2d 415, 417 (Tex.Civ.App.-El Paso 1962, writ ref'd n.r.e.). The purpose of the verification requirement is to afford the City protection against spurious and unfounded claims. *Artco–Bell*, 616 S.W.2d at 192.

### EFFECT OF NOTICE REQUIRE-MENT ON THE STATUTE OF LIMITATIONS

■ Notice provisions are common throughout Texas and the United States. Not all of them, however, serve to extend the statute of limitations. *See* M.L. Cross, Annotation, *Limitation Period as Affected by Requirement of Notice or Presentation of Claim Against Governmental Body*, 3 A.L.R.2d 711 (1949). When examining those provisions found to extend the statute of limitations, it is observed that they essentially fall into two broad categories: (1) provisions which bar commencement of an action for a stated period of time; and (2) provisions which impose a condition precedent before suit may be filed, but only where the required procedure involves some entity other than the plaintiff and the resulting delay is beyond the control of the plaintiff. *See id.; Santaniello v. De Francisco*, 74 Misc.2d 229, 344 N.Y.S.2d 589, 591–92 (N.Y.Sup.1973), *order*

*aff'd. by*, 44 A.D.2d 831, 355 N.Y.S.2d 569 (N.Y.A.D. 2nd Dept.1974).

Section 89.004(a) of the Texas Local Government Code is an example of a provision found in the second category. It provides that:

A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim.

TEX.LOCAL GOV'T CODE ANN. § 89.004(a)(Vernon Supp.2002). Such a provision requires the plaintiff to delay filing suit for an indefinite period of time until the governing body has taken some action on the claim or has sufficiently delayed acting on the claim until it could be said that the claim has been neglected. As such, the delay resulting from the required procedure is beyond the control of the suing party. In this circumstance, the Texas Supreme Court has found that the cause of action does not accrue until after presentation and rejection of the claim. *See City of Taylor v. Hodges*, 143 Tex. 441, 186 S.W.2d 61, 63 (1945)(construing the predecessor statute, former Article 1573 of the Revised Civil Statutes). The Amarillo Court of Appeals recently applied *Hodges* to Section 89.004(a) in *Trammel's Lubbock Bail Bonds v. Lubbock County*, 60 S.W.3d 145 (Tex.App.-Amarillo 2001, pet. granted).

The notice provision here does not preclude the filing of the suit until the claim is rejected. In fact, an injured party is not prevented from giving notice and filing suit immediately after the occurrence of the injury, and any delay in filing suit is likely within the control of the injured party. Consequently, the rule announced in *Hodges* and *Trammel's* is inapplicable. No Texas court has determined whether a notice provision like the one at bar serves to extend the statute of limitations. We

will therefore consider how other jurisdictions have resolved the same question.

In those jurisdictions requiring the injured party to give notice of the claim within a specified time but not requiring any delay after the notice before suit is brought, the majority of courts have held that the notice requirement does not affect the running of the statute of limitations because it is merely a part of the remedy and not an essential part of the cause of action. *See* M.L. Cross, Annotation, *Limitation Period as Affected by Requirement of Notice or Presentation of Claim Against Governmental Body*, 3 A.L.R.2d 711, 712–16 (1949), *discussing e.g., Fuller v. State Highway Commission*, 140 Kan. 558, 38 P.2d 99 (1934)(where statute provided that action for injury could not be maintained unless a written notice was given within ninety days after the injury was sustained, the cause of action accrued when the injury was sustained; the notice requirement was merely a condition precedent to suit and the statute did not require any delay in filing suit after the notice; consequently, the plaintiff could have given notice and brought suit almost immediately after the injury); *see also Santaniello*, 344 N.Y.S.2d at 592–94 (where statute provided notice of claim must be served on public authority within ninety days of accident, compliance with precondition lay solely within plaintiff's control, and statute of limitations was not extended). In these jurisdictions, the statute of limitations begins to run as soon as the claimant may legally give notice rather than on the day she actually does so. *Id.* at 714.

Santaniello, a wrongful death case, involved two different statutes. The first provided for a thirty-day waiting period before commencing an action against a public authority. The second required the plaintiff to file notice of the claim within ninety days of the accident. The court first determined that the prohibition against filing suit for thirty days served to extend the statute of limitations by a like period. *Santaniello*, 344 N.Y.S.2d at 591–92. In examining the impact of the second provision on the accrual of the cause of action, the court drew a critical distinction between procedures which entail participation or certification by an entity other than the plaintiff and those procedures which are solely dependent upon the suing party's unilateral action. *Id.* In the former instance, the statute of limitations will be extended but in the latter case it is not. *Id.* The court described the ninety-day notice requirement as being a condition precedent to the commencement of the action in the same manner as the service of a summons. *Santaniello*, 344 N.Y.S.2d at 593, *quoting Barchet v. New York City Transit Authority*, 20 N.Y.2d 1, 6, 281 N.Y.S.2d 289, 292, 228 N.E.2d 361, 363 (N.Y.1967). In such a case, the plaintiff has complete control over the acts necessary to effectuate compliance with the statutory mandate. *Id.* The court explained the basis for the distinction:

> The distinction based upon whether compliance with the precondition lies solely within plaintiff's control is rooted in practical considerations. If plaintiff's being able to sue depends upon an action by an entity outside of his control, then delay by that external body, even perfectly legitimate delay in processing or determining an application, could unjustly result in extinguishing plaintiff's right to sue by preventing commencement of the action until after the stated limitation period. (citations omitted). While a plaintiff may have some control over the initiation of proceedings to obtain leave to sue, the ultimate determination is beyond his control. But not so with the notice of claim which is a procedure wholly within plaintiff's ambit and could not therefore occasion prejudicial

delay except that occasioned by plaintiff's own inaction.

*Santaniello,* 344 N.Y.S.2d at 593–94.

■ We are persuaded by the soundness of this reasoning and adopt it here. Although the City of El Paso's notice requirement may be properly described as a condition precedent to filing suit, it does not operate to preclude any claimant, including Moreno, from immediately giving notice *and* filing suit. Consequently, there is no legal or logical justification for extending the statute of limitations. We conclude that Moreno's cause of action accrued on the date of injury, January 14, 1999, rather than when she gave notice. The trial court correctly concluded that Moreno's suit is barred by the two-year statute of limitations. We overrule the sole issue for review and affirm the summary judgment.

BARAJAS, C.J., not participating.