COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-197-CV
 
ANNA DIAMOND
                                                              
  APPELLANT
V.
EIGHTH AVENUE 92, L.C.
                                                      APPELLEE
------------
FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY
------------
OPINION
------------
I. Introduction
This is an appeal from a summary
judgment entered against Appellant Anna Diamond ("Diamond") on her
claims against Appellee Eighth Avenue 92, L.C. ("Eighth Avenue"). In
three issues, Diamond complains that the trial court erred by granting Eighth
Avenue's motion for summary judgment, by sustaining Eighth Avenue's objections
to Diamond's summary judgment evidence, and by granting Eighth Avenue's motion
to dismiss. Because Diamond's claims against Eighth Avenue are barred by
limitations, we will affirm the trial court's summary judgment for Eighth
Avenue.
II. Factual and
Procedural History
Diamond slipped and fell on June
18, 1999, on a wet floor inside the Medical Plaza office building while on her
way to a doctor's appointment in that building. According to Diamond, she later
sent a "letter of representation" to the Medical Plaza Claims
Department, seeking to discover the registered agent for Medical Plaza, but she
received no response. She also tried several times to determine the registered
agent for Medical Plaza through the Secretary of State. Finally, an unidentified
person at Medical Plaza informed Diamond that Health Care Corporation of America
("HCA") had purchased Medical Plaza, and gave her the name of HCA's
registered agent. On June 18, 2001, Diamond sued HCA, seeking actual and
exemplary damages for her injuries.
In August 2001, HCA informed
Diamond that she had sued the wrong entity and identified Eighth Avenue as the
proper defendant. After confirming this error, Diamond non-suited HCA and filed
her first amended petition in September 2001, naming Eighth Avenue as the sole
defendant. Eighth Avenue specially excepted to Diamond's first amended petition
on the grounds that the pleading failed to set forth the date of the alleged
injury or the amount of damages sought. Eighth Avenue also raised the
affirmative defense of limitations, asserting that Diamond's claims accrued more
than two years before she sued Eighth Avenue.
Diamond filed her second amended
petition, alleging that she suffered damages in excess of $150,000 as a result
of her slip and fall at the Medical Plaza on June 18, 1999. Diamond's second
amended petition, however, did not plead any facts or theory in avoidance of the
statute of limitations. Eighth Avenue again specially excepted, reasserting its
position that Diamond's claims were time-barred and that her pleadings failed to
set forth facts in avoidance of the application of the statute of limitations.
The trial court sustained Eighth Avenue's special exceptions and ordered Diamond
to replead "to set forth all facts that would suspend the limitation period
. . . codified by Tex. Civ. Prac. & Rem. Code Ann.§ 16.003(a)." The
order further provided that if Diamond "does not amend her pleading in
accordance with this Order, [her] causes of action will be dismissed with
prejudice to the refiling of same."
Diamond filed a third amended
petition, pleading:

        
 11. [Eighth Avenue] was subsequently notified of the incident that occurred on
 their premises in a letter dated December 14, 1999. The letter was addressed
 to Medical Plaza, which was and is the name on the outside of the building.
 Defendants did not respond to the letter.
        
 12. [Diamond]'s attorney contacted Medical Plaza and was informed that the
 name had been changed to Healthcare Corporation of America ("HCA").
 [Diamond]'s attorney was given the registered agent information so service
 could be effectuated. It was not until after the statute of limitations ran
 that the attorney for HCA informed [Diamond] that they were not the correct
 party. Defendant HCA gave [Diamond] the name of [Eighth Avenue]. [Diamond]'s
 attorney was informed that there was a conglomerate of shareholders that were
 involved in the ownership of the buildings.
        
 13. It was at this point that [Diamond]'s attorneys conducted their own
 investigation. [Diamond]'s attorney called Medical Plaza business office for
 more information and the woman to whom we spoke was not cooperative. [Diamond]'s
 attorneys then contacted the Tarrant County Tax Office. We gave them the
 address for the Medical Plaza building and they gave us the name of [Eighth
 Avenue]. It was then that we contacted the Secretary of State and were given
 the name of the registered agent and the correct address. However, when
 service was effectuated, the sheriff contacted [Diamond]'s attorneys and
 informed us that [Eighth Avenue] did not accept service because it was not the
 proper address. [Diamond]'s attorneys contacted the Secretary of State again
 and were given a second address and service was finally effectuated.
  

On March 5, 2002, Eighth Avenue
filed a motion for summary judgment. The motion alleged that Diamond's third
amended petition failed to "set forth any legal theories supporting
avoidance of the statute of limitations." Eighth Avenue also filed a motion
to dismiss on March 18, 2002, asserting that Diamond had failed to allege facts
sufficient to bring her cause of action within the trial court's jurisdiction.
In an order dated May 15, 2002, the trial court granted Eighth Avenue's motion
for summary judgment and motion to dismiss.
III. Standard of
Review
In a summary judgment case, the
issue on appeal is whether the movant met its summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979). The burden of proof is on the movant, and all doubts about the
existence of a genuine issue of material fact are resolved against the movant. Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Friendswood Dev. Co. v.
McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996); Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). A
defendant is entitled to summary judgment on an affirmative defense if the
defendant conclusively proves all the elements of the affirmative defense. KPMG
Peat Marwick, 988 S.W.2d at 748; see also Tex. R. Civ. P. 94. To
accomplish this, the defendant-movant must present summary judgment evidence
that establishes each element of the affirmative defense as a matter of law. Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996). If a defendant-movant
establishes a right to summary judgment on statute of limitations grounds, the
burden shifts to the non-movant to produce competent summary judgment proof
raising a fact issue in avoidance of the statute of limitations. KPMG Peat
Marwick, 988 S.W.2d at 748; Moreno v. City of El Paso, 71 S.W.3d
898, 900 (Tex. App.--El Paso 2002, pet. denied).
IV. Statute of
Limitations
In her first issue, Diamond
complains that summary judgment for Eighth Avenue was improper. The statute of
limitations for a personal injury suit is two years. Tex. Civ. Prac. & Rem.
Code Ann. § 16.003(a) (Vernon Supp 2003). Diamond concedes that her first
amended petition naming Eighth Avenue as a defendant was filed more than two
years after the date of her injury. Therefore, Diamond bore the burden of
bringing forth summary judgment evidence raising a genuine issue of material
fact as to the application of some legal theory in avoidance of limitations. KPMG
Peat Marwick, 988 S.W.2d at 748.
A. Misnomer
Diamond first contends that her
amended petition naming Eighth Avenue as a defendant relates back to her timely
filed original petition under the doctrine of misnomer.(1)
A misnomer occurs when the plaintiff misnames either herself or the correct
defendant, but the correct parties are actually served. Enserch Corp. v.
Parker, 794 S.W.2d 2, 4-5 (Tex. 1990); Maher v. Herrman, 69 S.W.3d
332, 338 (Tex. App.--Fort Worth 2002, pet. denied). In misnomer cases,
limitations is tolled and a later amendment of the petition relates back to the
date of the original petition--primarily because the party intended to be sued
has been served and put on notice that it is the intended defendant. Enserch
Corp., 794 S.W.2d at 4-5; Pierson v. SMS Fin. II, L.L.C., 959
S.W.2d 343, 347 (Tex. App.--Texarkana 1998, no pet.); Hernandez v. Furr's
Supermarkets, Inc., 924 S.W.2d 193, 196 (Tex. App.--El Paso 1996, writ
denied).
Here, Diamond sued and served HCA
as the sole defendant in her original petition. She did not merely misname the
correct defendant, as contemplated by misnomer; she filed suit against and
served the wrong entity entirely. The doctrine of misnomer is inapplicable to
the present facts. Consequently, Diamond's first amended petition does not
relate back to her timely filed original petition under the doctrine of
misnomer.
B.
Misidentification
In the alternative, Diamond asserts
that this is a case of misidentification. Misidentification occurs when two
separate legal entities with similar names actually exist and the plaintiff sues
the wrong one because she is mistaken about which entity is the correct
defendant. Chilkewitz v. Hyson, 22 S.W.3d 825, 828 (Tex. 1999); Enserch
Corp., 794 S.W.2d at 4-5. In cases of misidentification where the wrong
legal entity is sued, the limitation period may be equitably tolled if the
plaintiff can prove that the proper defendant was not prejudiced by the mistake
in pleading. Enserch Corp., 794 S.W.2d at 5; Cont'l S. Lines, Inc.
v. Hilland, 528 S.W.2d 828, 831 (Tex. 1975). To be entitled to equitable
tolling, the plaintiff must show that the correct defendant had notice of the
suit, was cognizant of the facts, and was not misled or disadvantaged by the
mistake. Chilkewitz, 22 S.W.3d at 830; Cont'l S. Lines, Inc.,
528 S.W.2d at 831.
In support of her misidentification
theory, Diamond's summary judgment response asserts that HCA and Eighth Avenue
"made a conscious effort to create the illusion that the three buildings
that made up Medical Plaza were in fact owned by Medical Plaza." Diamond
also alleged "It is safe to say that HCA gave [Eighth Avenue] notice of and
a reasonable opportunity to defend the case." She attached several
documents as summary judgment evidence in support of this contention. We examine
this evidence in the light most favorable to Diamond to determine whether a fact
issue exists regarding Diamond's misidentification theory.
Diamond relies upon two letters, a
deposition excerpt, some insurance forms, and her attorney's affidavit. A
December 14, 1999 letter from Diamond's attorney to the Medical Plaza Claims
Department indicates that Diamond retained a law firm "for representation
in regard to personal injuries she sustained as a result of the less than
prudent conduct of your insured on or about the above referenced date [June 18,
1999]." The letter does not set forth the facts surrounding Diamond's
injury, does not reference a lawsuit, and is dated eighteen months before
Diamond filed her original petition against HCA.
An August 16, 2001 letter to
Diamond's attorney from HCA's counsel simply states, "[s]ince we spoke last
week regarding ownership of the building where the accident occurred, I have not
heard from you. Please advise at your earliest convenience as to what your
intentions are." This note corroborates Diamond's statement that she did
not discover the proper defendant until August 2001; it possesses no other
apparent relevance. Neither of these letters supports Diamond's contention that
Eighth Avenue had notice of Diamond's June 18, 2001 lawsuit, was cognizant of
the facts surrounding her injury, and was not misled or disadvantaged by her
mistake in suing HCA instead of it. See Chilkewitz, 22 S.W.3d
at 830.
The deposition excerpt from
Diamond's deposition simply details the facts surrounding her fall. Diamond does
not mention either HCA or Eighth Avenue in the excerpt. The excerpt provides no
evidence relevant to misidentification.
Likewise, the insurance policy
documents Diamond relies upon as summary judgment evidence fail to show any
relationship between HCA and Eighth Avenue. They do not raise an issue of
material fact concerning whether Eighth Avenue possessed awareness of Diamond's
lawsuit, was cognizant of the facts surrounding her injury, or was not
disadvantaged or prejudiced by Diamond's mistake in suing HCA instead of it.
Finally, the affidavit of Diamond's
attorney provides, in pertinent part:

        
 1. On December 14, 1999, my office sent a Letter of Representation to Medical
 Plaza Claims Department.
        
 2. My office never received a response from the Medical Plaza or any
 authorized agent.
        
 3. My office was unable to locate the registered agent for Medical Plaza
 through the Secretary of State.
        
 4. I called Medical Plaza to try to ascertain who was their registered agent.
 I learned that Medical Plaza was purchased by Health Care Corporation of
 America.
        
 5. Chad Rook of the firm Jones Rook Austin L.L.P. answered for HCA.
        
 6. In August 2001 Chad Rook made me aware that another corporation might be
 the proper defendant.
        
 7. After checking the Fort Worth tax office I was informed that although the
 name Medical Plaza appears on the outside [of] the three buildings, the actual
 owners consist of a group of shareholders under the name Eighth Avenue, 92
 L.C.
        
 8. Plaintiff filed suit against Eighth Avenue, 92, L.C. on September 13, 2001.
  

The affidavit does not raise any
fact issues with regard to whether Eighth Avenue possessed awareness of
Diamond's lawsuit, was cognizant of the facts surrounding her injury, and was
not disadvantaged or prejudiced by Diamond's mistake in suing HCA instead of it.
Viewing Diamond's summary judgment
evidence in the light most favorable to her, no summary judgment evidence exists
raising a genuine issue of material fact concerning the application of the
doctrine of misnomer or the doctrine of misidentification. See, e.g.,
Chilkewitz, 22 S.W.3d at 830. We overrule Diamond's first issue.
V. Objections to
Diamond's Summary Judgment Evidence
In her second issue, Diamond
complains that the trial court erred in sustaining Eighth Avenue's numerous
objections to her summary judgment evidence. We have held that Diamond's summary
judgment evidence fails to raise a genuine issue of material fact in avoidance
of the statute of limitations. See Tex. R. App. P. 44.1(a)(1).
Accordingly, any error by the trial court in sustaining objections to Diamond's
summary judgment evidence was harmless. We overrule Diamond's second issue.
VI. Dismissal of
Diamond's Claims
In her third and final issue,
Diamond complains that the trial court erred by granting Eighth Avenue's motion
to dismiss her claims with prejudice. Because we hold that the trial court
properly granted summary judgment for Eighth Avenue on limitations, any error in
the trial court's dismissal ruling is also harmless. See id.
Accordingly, we overrule Diamond's third point.
VII. Conclusion
Having overruled all of Diamond's
issues, we affirm the trial court's judgment.
 
                                                           SUE
WALKER
                                                           JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
 
DELIVERED: April 10, 2003

1. Diamond pleaded both misnomer and misidentification in
her response to Eighth Avenue's motion for summary judgment, thus preserving
these issues for appeal. See Keck, Mahin & Cate v. Nat'l Union Fire Ins.
Co., 20 S.W.3d 692, 699 (Tex. 2000) (holding that by raising affirmative
defense in response to motion for summary judgment nonmovant preserved issue for
appeal).